United States District Court

Middle District of Florida

Jacksonville Division

Adam Howard Meyer,
Petitioner,

v.

Case No: 3:22-CV-978-BJD-CCC

Ron West
United States Probation Office,
Jacksonville Division, MDFL
Respondent,

## Memorandum in Support of Petition for Writ of Habeas Corpus Under 28 U.S.C § 2241

Petitioner, Adam Meyer, sui juris, pro se, timely files his petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and accompanying Memorandum and requests that both be construed liberally pursuant to Haines v. Kerner, 404 U.S. 519, 520 (1972) and Tannenbaum v. U.S., 148 F.3d. 1262, 1263 (11th Cir. 1998) "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."

### I. Introduction

Petitioner is currently serving the supervised release portion of his federal sentence. Petitioner is owed at least 506.5 days of First Step Act Earned Time Credits and requests that these days be

applied towards time in supervised release. He seeks relief in this Honorable Court from the failure of Federal Bureau of Prison's ("FBOP") staff to properly apply all of his First Step Act ("FSA") Earned Time Credits ("ETC") as is required under the mandatory language of 18 U.S.C. § 3632(d)(4)(C) of the FSA. Petitioner avers these actions are unconstitutional, violating Petitioner's right to Due Process and would force Mr. Meyer to serve a longer sentence than has been established under the law.

## II. Background

On 3/6/2017, Petitioner was sentenced to a 96-month term of imprisonment followed by a 3 year term of supervised release. Petitioner's release date was 3/7/2022. Petitioner was placed in home confinement on 6/15/2021. Due to his FSA eligibility, Petitioner was released from home confinement on 1/14/2022 after the FBOP applied 53 days of Mr. Meyer's 559.5 days of FSA ETC.

### A. History

The First Step Act was signed into law on December 21, 2018, by the President. The FSA established criteria for eligible inmates under 18 U.S.C. § 3632(d)(4)(D) to earn time credits as appropriate under 18 U.S.C. § 3632(d)(4)(A).

1) Petitioner began serving his federal sentence prior to the enactment of the First Step Act.
2) Since 12/21/2018, Petitioner has met the criteria which qualified him to earn and be awarded FSA ETC per 18 U.S.C. § 3632(d)(4)(A-C)
3) Since 12/21/2018 Petitioner maintained a PATTERN Score of either "minimum" or "low", qualifying him to earn 15 days of FSA ETC for every 30 days of programming under 18 U.S.C. § 3632(d)(4)(A)(i – ii).
4) Petitioner calculated his FSA ETC based upon the method disclosed by Susan Giddings,

Chief of the Unit Management Section of the Correctional Programs Branch ("CPB"), which is organized under the Correctional Programs Division ("CPD") in the BOP's Central Office located in Washington, D.C. Ms. Giddings, in her sworn declaration used in Stewart v. Snider, 1:22-cv-00294 which is an 11th Circuit case, describes how the FBOP calculates FSA ETC. (Exhibit 1) Using this method, Petitioner was able to calculate the amount of his earned yet unapplied FSA ETC, approximately 506.5 days.

### III. Legal Argument

Petitioner notes that he is "in custody" and that this action is appropriate since he is serving a term of supervised release as part of his federal sentence. "Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus."*Maleng v. Cook*, 490 U.S. 488, 490-491, 109 S. Ct. 1923, 104 L.Ed.2d. 540 (1989) "In Dawson v. Scott, we held that a prisoner's 2241 petition seeking credit against his sentence was not mooted by the prisoner's subsequent release. 50 F. 3d 884, 886 n.2 (11th Cir. 1995). see also United States v. Brown, 117 F. 3d 471, 475 n.3 (11th Cir. 1997)(same); United States v. Page, 69 F.3d 482, 487 n.4 (11th Cir. 1995)(same). We explained that the petitioner, Dawson, was still serving a term of supervised release, 'which is part of the sentence and involves some restrictions upon his liberty.' Page, 69 F.3d at 487 n.4. Concluding that 'success for Dawson could alter the supervised release portion of his sentence.'" *Shorter v. Warden 803 Fed. Appx. 332; 2020 U.S. App. LEXIS 5021 (11th Cir. Feb 19th, 2020).*

This matter is now ripe for review since the January 15th, 2022, deadline established under 18 U.S.C. §3621(h)(2)(A) has now lapsed. "Because the First Step Act does not require actual implementation for each inmate until January 2022, Llewlyn is not entitled to an order from this Court

3

compelling the BOP to recalculate his time credits."*Llewlyn v. Johns*, 2021 WL 535863, at *2 (S.D.Ga. Jan 05, 2021) The FBOP owes Petitioner at least 506.5 days of FSA ETC. If those days are not appropriately applied according to the mandatory language of 18 U.S.C. § 3632(d)(4)(C), Petitioner will be serving a sentence that exceeds the one imposed upon him and that is appropriate under the First Step Act, thus causing Petitioner irreparable harm and injury. "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2D 400 (1990)*. "In criminal cases, a defendant wishing to continue her appeal after the expiration of her sentence must suffer some continuing injury or collateral consequence. *United States v. Juvenile Male, 564 U.S. 932, 936, 131 S. Ct. 2860, 180 L. Ed. 2D 811 (11th Cir. 2011); United States v. Serrapio, 754 F.3d 1312, 1317 (11th Cir. 2014)*.

### A) Exhaustion of Administrative Remedies

Petitioner concedes that he has not exhausted his Administrative Remedies in this matter. However, Mr. Meyers' position is unique and there is in fact no Administrative Remedy procedure available to him. Petitioner is currently in custody and under the supervision of US Probation Services for the Middle District of Florida, Jacksonville Office. Petitioners' request for relief cannot be fulfilled by the US Probation Office even though Petitioner must name US Probation as the respondent. "The proper Respondent to a § 2241 Petition is "the person having custody of the person detained." 28 U.S.C. § 2243; see also Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004)" *Manius v. Sec'y, Dep't of Corr.*, No. 2:14-cv-16-FtM-29DNF, at *3 (M.D. Fla. Feb. 20, 2014). Petitioner's relief may only be granted by a Court order requiring the application of at least 506.5 days of FSA ETC that the FBOP failed to award Petitioner by the January 15th, 2022 deadline. "an agency may be competent to adjudicate the issue presented, but still lack authority to grant the type of relief requested. *McNeese v. Board of*

4

*Education*, 373 U.S. 668, 675 (1963) (students seeking to integrate public school need not file complaint with school superintendent because the "Superintendent himself apparently has no power to order corrective action" except to request the Attorney General to bring suit); *Montana Bank v. Yellowstone County*, 276 U.S. 499, 505 (1928) (taxpayer seeking refund not required to exhaust where "any such application [would have been] utterly futile, since the county board of equalization was powerless to grant any appropriate relief" in face of prior controlling court decision)."
*McCarthy v. Madigan*, 503 U.S. 140, 148 (1992)

### **Ground One** - Bureau of Prisons Staff Violated 5th and 14th Amendment Rights to Due Process

FBOP Staff failed to apply all of Petitioner's FSA ETC by the January 15th, 2022 deadline and revoked at least 506.5 days of FSA ETC without Due Process under 18 U.S.C. § 3632(e)(2). The FBOP violated Petitioner's limited Due Process rights when they failed to apply **all** of Petitioner's First Step Act Earned Time Credits under 18 U.S.C. § 3632(d)(4)(C). See *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) ("We think a person's liberty is equally protected, even when the liberty itself is a statutory creation of the State. The touchstone of due process is protection of the individual against arbitrary action of government, *Dent v. West Virginia*, 129 U.S. 114, 123 (1889).") The FBOP did not provide any written notice when they improperly denied Petitioner the FSA Earned Time Credits that he had lawfully earned as described under 18 U.S.C. § 3632(d)(4)(A) of the First Step Act.

"18 U.S.C. § 3632(d)(4)(A):

(4) TIME CREDITS.

(A) IN GENERAL.—A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism

5

reduction programming or productive activities, **shall earn time credits as follows:**

(i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." (emphasis added)


"18 U.S.C. § 3632(d)(4)(C):

(C) APPLICATION OF TIME CREDITS TOWARD PRERELEASE CUSTODY OR SUPERVISED RELEASE. —**Time credits earned under this paragraph** by prisoners who successfully participate in recidivism reduction programs or productive activities **shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.**" (emphasis added)


Petitioner was released by the Federal Bureau of Prison's on January 14th, 2022 due to his First Step Act eligibility. On May 20th, 2022, a ruling was issued in the case of Dyer v. Fulgam. (Dyer v. Fulgam, 1:21-cv-00299, E.D Tenn 6th Cir.) In Mr. Dyer's case, the Government submitted a Declaration, made under the penalty of perjury, written by Ms. Susan Giddings. (Ex. 3) Ms. Giddings is the "Chief of the Unit Management Section of the Correctional Programs Branch (CPB)" for the

Federal Bureau of Prisons. (Exhibit 3 – page 1, item 1) Ms. Giddings states that:

> "As the Unit Management Section Chief, I am responsible for overseeing Correctional Systems and the BOP's national Victim and Witness Program. In addition, I oversee the implementation of the First Step Act's (FSA) application of Earned Time Credits (Time Credits) for all inmates in BOP custody." (Exhibit 3 – page 1, item 2)

As part of Ms. Giddings' Declaration, she goes on to describe the manner in which the Federal Bureau of Prisons calculates First Step Act Earned Time Credits. Ms. Giddings also provides clarification that inmates who are eligible to earn and receive First Step Act Earned Time Credits, can in fact earn and be awarded more than 365 days of those Earned Time Credits. Ms. Giddings, in her April 19th, 2022 signed Declaration explains that Mr. Dyer had "...accumulated 540 days of credit." and Ms. Giddings explained the process the FBOP uses to calculate FSA Earned Time Credits:

> "This was calculated the following way: The First Step Act was enacted on December 21, 2018. However, Dyer was in IFRP "refuse" status from December 17, 2018 until January 10, 2019. The amount of days between January 11, 2019 (the day after he came out of refuse status) and December 25, 2021, the day his FSA calculation was done, equaled 1,079 net programming days. The net programming days was then divided by 30, for the total number of 30 day periods. That figure was 35.96, which was rounded to 36 separate thirty day periods. 36 was multiplied by 15 (the maximum amount of programming allowed for minimum inmates) and this equaled 540 days of credit as of December 25, 2021." (Exhibit 3 – page 2-3, item 7)

Based on this calculation by Ms. Giddings, Petitioner asserts that he is entitled to at least 506.5 days of First Step Act Earned Time Credits. The FBOP allocated approximately 51 days of FSA ETC towards Petitioner's early release, leaving Petitioner with a balance of at least 506.5 days of earned yet un-awarded First Step Act ETC. Considering the "liberty interests implicated" by the FBOP's posting in the Federal Register and which Congress described in the First Step Act, Petitioner's rights are clearly being violated and he is owed all of his FSA ETC.

> "Delaying implementation for 30 days could therefore deprive at least some inmates of time in the less restrictive environments Congress has determined are appropriate for eligible inmates. Given the liberty issues implicated by the prompt implementation of this program and this rule, the Bureau is prepared to begin implementation immediately.." (Ex. 4)

> "A delay in the effective date of this final rule would be unnecessary and contrary to the public interest." (Ex. 4)

Petitioner's limited Due Process rights were clearly violated by the FBOP's failure to apply all of his FSA ETC. Petitioner received no Due Process as is required under *Wolff v. McDonnell* and 18 U.S.C. § 3632(e)(2) when they intentionally revoked his FSA ETC without any notice, basis or standing under the FSA. Petitioner requests his 506.5 days of FSA ETC be credited towards time in supervised release, reducing Petitioner's total term of supervised release by 506.5 days.

### Ground Two - BOP Violated the Mandatory language of 18 U.S.C. § 3632(d)(4)(C) of the First Step Act

The First Step Act language is clear and utilizes both mandatory and discretionary language in

various provisions. The FBOP relied on, and many Courts agreed with, the discretionary language in 18 U.S.C. §3621(h)(4) prior to January 15th, 2022 in order to deny inmates early release, claiming that they had no responsibility to award any FSA ETC prior to the January 15th, 2022 deadline. "This Court finds the *Goodman* court's interpretation of the language of the FSA relating to when the BOP is to implement the programs and resultant rewards at odds with the permissive language in this statute and declines to adopt that court's reasoning." See *Fleming v Joseph*, Case No. 3:20cv5990, 2021 WL 1669361, at *5 (N.D. Fla. Apr. 7, 2021) (disagreeing with *Goodman* court the FSA requires immediate implementation, even to those prisoners with imminent release dates, and quoting *Kennedy-Robey v. FCI Perkin*, No. 20-cv-1371, 2021 WL 797516 (C.D. Ill. Mar. 2, 2021) (same))." *Garcon v. Geter*, 2:21-cv-39, S.D. GA.

In Dyer v. Fulgam, the Honorable Judge Curtis Collier remarks the following:

> "[I]n interpreting a statute a court should always turn first to one, cardinal cannon before all others. . . . [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992) (noting "judicial inquiry complete" when statute's language is unambiguous). Here, the relevant statutory provision provides that "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities *shall* be applied toward time in . . . supervised release." 18 U.S.C. § 3632(d)(4)(C). ***Therefore, the unambiguous, mandatory language of the statute provides that earned-time credits may be applied to a term of supervised release.***" (Exhibit 3 - Dyer v. Fulgam,1:21-CV-299-CLC-CHS, 5/20/22 E.D. Tenn, 6th Cir. PageID 226, emphasis added)

9

It is important to note that the recent decision in *Stewart v. Snider* also supports Judge Collier's findings. "This ETC can either be applied to lengthen an inmate's pre-release custody, such as home confinement or half-way house placement, or be applied to early transfer to supervised release, i.e., **early satisfaction of the inmate's sentence**." (Stewart v. Snider, 1:22-cv-00294, 5/10/22, 11th Cir. 2022)(emphasis added). Judge Collier's decision is based on long-standing precedent that in fact the term "shall" is considered mandatory language. This finding has been supported in the 11th Circuit as well as in the Supreme Court. "The language of § 2679(d)(1) is mandatory and provides that the United States 'shall be substituted' upon certification." See Kingdomware Techs., Inc. v. United States, 579 U.S., 136 S. Ct. 1969, 1977, 195 L. Ed. 2d 334 (2016) (noting that the word "shall" is mandatory language and "usually connotes a requirement") Burns v. United States, No. 19-12992 4/23/20, (11th Circuit Court of Appeals). "The first sign that the statute imposed an obligation is its mandatory language: 'shall'." Me. Cmty. Health Options v. United States, 140 S. Ct. 1308. see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U. S. 26, 35, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998) (observing that "'shall'" typically "creates an obligation impervious to . . . discretion").

Congress explicitly included the clear and unambiguous mandatory term "shall" within several provisions of the First Step Act and they each describe awarding FSA Earned Time Credits to eligible inmates or the procedures for reducing earned time credits. (18 U.S.C. § 3632(d)(4)(C), 18 U.S.C. § 3632(d)(4)(A) "**shall** earn time credits as follows:", 18 U.S.C. § 3632(e)(2) "loss of time credits **shall** require written notice to the prisoner, **shall** be limited to time credits that a prisoner earned as of the date of the prisoner's rule violation, and **shall** not include any future time credits".)

Petitioner is currently on Supervised Release and will now serve more than his lawful sentence as required in the First Step Act. The knowing, willing and intentional refusal by FBOP Staff to award

Petitioner all of his FSA ETC as required under the mandatory language in 18 U.S.C. § 3632(d)(4)(C) causes Petitioner irreparable harm and injury in violation of the 8th Amendment. "Other Circuits have held that imprisonment beyond the expiration of a prisoner's sentence violates the Eighth Amendment's proscription against cruel and unusual punishment.See e.g., Davis v. Hall, 375 F.3d 703, 714 (8th Cir. 2004) (citing cases); Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993); Haygood v. Younger, 769 F.2d 1350, 1354-55 (9th Cir. 1985); McCurry, 242 F. Supp.2d at 1179-80 (citing cases). *Dorminey v. Crosby*, No. 3:04-cv-189-J-32HTS, at *12 n.13 (M.D. Fla. Mar. 28, 2007).

The FBOP clearly violated the January 15th, 2022 deadline established under 18 U.S.C. §3621(h)(4) and the mandatory language of 18 U.S.C. § 3632(d)(4)(C). These actions prejudice Petitioner, causing him irreparable harm and injury in violation of the 8th Amendment by subjecting him to a sentence that will be 506.5 days longer than the law permits under the First Step Act. Petitioner respectfully requests that all of his 506.5 days, or more, of FSA ETC to be applied towards time in supervised release, thus reducing his term of supervised release by 506.5 days.

IV. **Conclusion**

Petitioner is owed at least 506.5 days of FSA ETC which the FBOP intentionally withheld in violation of 18 U.S.C. § 3632(d)(4)(C) and failed to apply by the January 15th, 2022 deadline established by Congress under 18 U.S.C. §3621(h)(4). The FBOP violated Petitioner's Due Process rights under 18 U.S.C. § 3632(e)(2) when they revoked 506.5 days of FSA ETC without any notice. These knowing, willing and intentional actions violate Petitioner's Due Process rights and 8th Amendment rights by subjecting him to a federal sentence that will be 506.5 days longer than the Court and Congress have required. Petitioner will suffer irreparable harm and injury by the intentional actions of FBOP staff

11

unless this Honorable Courts rules in his favor. Petitioner respectfully requests that this Honorable Court grant this Petition for Writ of Habeas Corpus and apply 506.5 days of FSA ETC towards his time in supervised release, reducing Petitioner's total term of supervised release by 506.5 days.

Petitioner certifies that the preceding statements made herein are true, correct and made with his firsthand knowledge pursuant to the penalty of perjury, pursuant to 28 U.S.C. § 1746(1).

### Verification

I certify that a true copy of the foregoing documents were sent to the Respondent in this action by U.S. First Class Mail and/or via CM/ECF Electronic Docketing System, as I am proceeding Pro Se.

Executed on this day of June 2022.

Respectfully Submitted,

*Adam Meyer*

Adam Howard Meyer, Petitioner

Proceeding Pro Se,

11761 Huckleberry Trail E

MacClenny, FL 32063

# CERTIFICATE OF SERVICE

I, Lee Michael Harrison, certify that the foregoing is true, correct, and made with my firsthand knowledge pursuant to the penalty of perjury, pursuant to 28 U.S.C § 1746(1), that on the date affixed below I did mail via First Class Priority Mail the following documents:

1. 2241 Petition

2. Exhibits

3. Certificate of Service

Said documents were mailed to the United States District Court, Southern District of Florida, and to US Probation Services Office at _300 N. Hogan St Jacksonville, FL 32202_.

It appears that the parties to this action are/may be registered with the CM/ECF Electronic Docketing System, therefore I request service by that method as well as I am proceeding pro se

Executed this _____ day of July, 2022.

Respectfully Submitted,

_____

Adam Meyer, Petitioner

Proceeding Pro Se,

Address: _11761 Huckleberry Tran E McClenny, FL 32063_

13