UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADAM HOWARD MEYER ,

        Petitioner,

vs.                                     Case No. 3:22-cv-978-BJD-LLL

U.S. PROBATION OFFICE,
Jacksonville Office, MDFL,

        Respondents.

_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

Petitioner filed a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Petition) (Doc. 1).   He names as the only Respondent the U.S. Probation Officer [sic], Jacksonville Office, MDFL.   <u>Id</u>. at 1.   He states, however, he is challenging the actions of the Bureau of Prisons (BOP) in failing to abide by the First Step Act and credit him with 506.5 days.   <u>Id</u>. at 2, 6. Petitioner alleges BOP staff failed to apply and/or revoked 506.5 days without due process of law and violated the mandatory language of the First Step Act. <u>Id</u>. at 6.   Of note, Petitioner does not identify the BOP officials or the institution.

Petitioner is serving a sentence from the United States District Court Eastern District of Wisconsin (Milwaukee) and is currently on supervised release.  <u>Id</u>. at 1.   Thus, he is no longer in the custody of the BOP.

Petitioner concedes he failed to exhaust his administrative remedies and is now serving a term of supervised release.   <u>Id</u>. at 1-3.   <u>See</u> <u>Baboolal v. Wells</u>, No. CV 310-005, 2010 WL 2730984, at *3 (S.D. Ga. June 15, 2010) (not reported in F.Supp.2d) (based on Eleventh Circuit precedent, unequivocally, only if a petitioner has pursued his administrative remedies may he seek relief in the district court), <u>report and recommendation adopted by</u> 2010 WL 2730970 (S.D. Ga. July 9, 2010).   Additionally Petitioner admits his request for habeas relief cannot be fulfilled by the U.S. Probation Office.   Memorandum (Doc. 1-1 at 4). Although the U.S. Probation Office, the only named Respondent, has the power to present Petitioner to the Court, the Office cannot provide the relief Petitioner seeks, the application of 506.5 days towards his time of supervised release.   Petitioner's filing challenges aspects of the execution of his sentence by the BOP, a matter that has not been administratively exhausted.   As such, this case is due to be dismissed without prejudice.

The § 2241 petition and the case are due to be dismissed without prejudice.   To the extent Petitioner seeks to challenge his sentence in criminal

case no. 2:14-cr-00230-LA-1, United States District Court, Eastern District of Wisconsin (Milwaukee), he may seek the remedy provided by 28 U.S.C. § 2255 in the Eastern District of Wisconsin.   The Clerk will be directed to provide Petitioner with the petition form.

It is now

**ORDERED AND ADJUDGED:**

1.     The Petition (Doc. 1) and case are hereby **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing the Petition and case without prejudice, terminating any pending motions, and closing the case.

3.     If Petitioner appeals the dismissal of his Petition, **the Court denies a certificate of appealability**.[1]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper

---

[1] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

that may be filed in this case.   Such termination shall serve as a denial of the motion.

4.     The **Clerk** shall provide Petitioner with a form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Motion Under 28 U.S.C. § 2255).

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of September, 2022.

_____
BRIAN J. DAVIS
United States District Judge

sa 9/12
c:
Adam Howard Meyer

4